# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

RALPH JONES,            )
                        )
          Plaintiff,    )
                        )
v.                      )   No. CIV 19-404-JHP
                        )
OKLAHOMA DEPARTMENT     )
OF CORRECTIONS, et al., )
                        )
          Defendants.   )

## OPINION AND ORDER

Plaintiff, a pro se state prisoner, is incarcerated at John Lilley Correctional Center (JLCC) in Boley, Oklahoma. On November 26, 2019, he brought this civil rights action under the authority of 42 U.S.C. § 1983 (Dkt. 1). The defendants are the Oklahoma Department of Corrections; Lisa Seward, Records Officer at Oklahoma State Reformatory (OSR); Tisha William, OSR Acting Warden; Nick Collett, JLCC Records Officer; Debbie Aldridge, JLCC Warden; and Mark Knutson, Oklahoma Department of Corrections Director's Designee.

Plaintiff alleges the defendants have retroactively applied Okla. Stat. tit. 57, § 138, and DOC Policy OP-060211 to his disadvantage, because none of his current sentences are on the list of ineligible offenses in § 138(D)(2)(c). He seeks the enhanced credits to which he allegedly is entitled. In the alternative, he asks for damages for his unlawful confinement that has resulted from the alleged unconstitutional application of state law

and policy.

The Court has carefully reviewed the record and construes Plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). To the extent Plaintiff requests equitable relief in the form of earlier release from confinement, a § 1983 cause of action is not the appropriate means for seeking such relief. Rather, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). *See also Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

To the extent Plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* *See also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (stating that the Supreme Court made clear that *Heck* applies "no matter the relief sought (damages or equitable relief)"). Plaintiff has not made this showing.

For the reasons set forth above, the Court finds Plaintiff has failed to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). Therefore, this action is DISMISSED WITHOUT PREJUDICE.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. 1915A(b)(1). This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 21st day of January 2020.

James H. Payne
United States District Judge
Eastern District of Oklahoma